| | | |
|---|---|---|
| BRANDON MICHAEL KISIAH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| K. MARTIN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1],

filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's Motion for

Appointment of Counsel [Doc. 7], and Plaintiff's "Memorandum to Clerk" [Doc. 6], which the

Court construes as a motion for photocopy assistance.  Plaintiff is proceeding in forma pauperis.

[Docs. 2, 5].

## I.     BACKGROUND

Pro se Plaintiff Brandon Michael Kisiah ("Plaintiff") is currently detained at the Union

County Jail (the "Jail") in Monroe, North Carolina.  He filed this action on February 20, 2026,

pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) K. Martin, identified as a

Classifications Sergeant at the Jail; (2) J. Dennis, identified as a Jail Lieutenant; and (3) the "Union

County Sheriff's Office/Jail."[1]  [Doc. 1 at 1].  Plaintiff sues Defendant Martin in her individual

---

[1] In the body of the Complaint, Plaintiff also purports to name Union County Sherrif Eddie Cathy as a
Defendant in his official capacity only.  [Doc. 1 at 3].  Plaintiff, however, failed to include Cathy as a
Defendant in the caption of the Complaint. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name
all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the
plaintiff must specify him in the caption and arrange for service of process.").  Moreover, an official
capacity claim against Sheriff Cathy is duplicative of a claim against the Union County Sheriff's Office in
any event.  The Court, therefore, will dismiss Sheriff Cathy as a Defendant in this matter.

and official capacities and Defendant Dennis in his official capacity only.  [Id. at 3].

Plaintiff alleges as follows.

On November 17, 2025, Plaintiff was attending a merit-based, reward class that included special privileges and separate housing from the general population when Sergeant Hill notified him that he had been charged with communicating with an inmate in a separate housing unit, a Level 3 rule violation calling for 30 days in segregation.  The other inmate is his fiancé, Amanda Griffin.   Plaintiff was expelled from the special dormitory back to the general population without a hearing.  After two weeks in general population, Officer Younts conducted a hearing and found Plaintiff guilty of the charge "despite defensive arguments[.]"  Officer Younts sentenced Plaintiff to 120 days in segregation.  [Id. at 3].

Defendant Martin knew Ms. Griffin and made it clear on several occasions that she would punish Griffin and the Plaintiff "for whatever she could."  [Id. at 4].  Defendant Martin imposed the excessive sanction, "citing frivolous violations ancillary to the actual alleged violation."  [Id.].  The Plaintiff was subjected to "unsanitary, oppressive, harrassing [sic], [and] discriminatory conditions," while other inmates were "delayed due process to impose these sanctions."  [Id.].

Defendant Martin also withheld and discarded Plaintiff's personal and "privileged" mail, including three pieces of mail to Plaintiff's attorney.  As a result of interfering with Plaintiff's legal mail, Plaintiff's attorney could not schedule an electronic visit with him.  Furthermore, "other inmates of a different ethnicity were punished less for more serious[ ] and violent offenses."  [Id.].

Plaintiff does not allege what constitutional rights he claims were violated.[2]  Plaintiff seeks injunctive and monetary relief, including punitive damages.  [Id. at 4].

---

[2] The Court will address those claims fairly raised by Plaintiff's Complaint.

2

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Furthermore, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).

3

**A.      Jail**

A jail is not a "person" subject to suit under § 1983.  See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).  To the extent Plaintiff purports to name the Union County Jail as a Defendant, he cannot.  The Court, therefore, will dismiss this Defendant.

**B.      Sheriff's Office and Official Capacity Claim**

Next, suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Here, Plaintiff sues Defendant Dennis in his official capacity only, which is duplicative of Plaintiff's claim against the Union County Sheriff's Office, and otherwise states no allegations against Defendant Dennis.  The Court, therefore, will dismiss Defendant Dennis as a Defendant in this matter. Moreover, Plaintiff has failed to allege that any Sheriff's Office policy or custom is the moving force behind any alleged constitutional violation.  The Plaintiff, therefore, has failed to state a claim against the Defendant Sheriff's Office and the Court will dismiss the Sheriff's

Office as a Defendant.

**C.      False Disciplinary Charges**

To the extent Plaintiff seeks to state a claim based on false disciplinary charges, this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on a claim that any disciplinary charges were unfounded, that would necessarily imply the invalidity of the disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022)

(prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated).  The Plaintiff, however, has not alleged that any disciplinary convictions have been reversed or otherwise invalidated.  Therefore, Plaintiff's claim in this regard appears to be barred by Heck.

**D.     Due Process**

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)).  Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections.  These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-71.  There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel.  See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004).  If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5.  Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence."  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a due process claim based on the conduct of any

6

disciplinary proceedings. Plaintiff's allegations are too vague and conclusory to state a claim for relief in the first place. <u>See</u> Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Simpson v. Welch</u>, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff fails to allege facts showing that he was deprived of advance written notice of the disciplinary charges, the opportunity to call witnesses and present documentary evidence in his defense, or a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>See</u> <u>Wolff</u>, 418 U.S. at 564-71. Rather, Plaintiff alleges only that he remained in general population for two weeks awaiting the hearing, he was found guilty after a hearing despite "defensive arguments," and that his punishment, which was based in part on "frivolous" charges. was excessive. There is no constitutional right to special merit-based privileges in prison. Moreover, Plaintiff does not allege that the conviction on these allegedly frivolous charges has been overturned. For these reasons, Plaintiff has failed to state a due process claim. The Court will dismiss this claim.

### E. Mail Interference

As a general matter, prisoners have the right to both send and receive mail. <u>See</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 408 (1989); <u>Pell v. Procunier</u>, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987); <u>see</u> <u>Haze v. Harrison</u>, 961 F.3d 654, 658 (4th Cir. 2020) (noting that <u>Turner</u> applies to both convicted prisoners and pretrial detainees). For instance, prison officials may inspect an inmate's outgoing and incoming mail because such is reasonably related to legitimate

penological interests.  See generally Wolff v. McDonnell, 418 U.S. 539, 575 (1974); Turner v. Safley,  482 U.S. 78, 89 (1987); see also Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999) (opening and inspecting a prisoner's outgoing mail is, "[w]ithout question," reasonably related to legitimate penological interests); Matherly v. Andrews, 859 F.3d 264, 281 (4th Cir. 2017) (a "necessary implication" of Altizer is that prison officials may open and inspect a prisoner's incoming mail).

"[L]egal mail is widely recognized to be privileged and confidential — even in the context of prisons — which suggests that an incarcerated person's expectation of privacy in his legal mail is one 'that society is prepared to consider reasonable.'" Haze v. Harrison, 961 F.3d 654, 660 (4th Cir. 2020) (quoting United States v. Catellanos, 716 F.3d 828, 832 (4th Cir. 2013)); see King v. Rubenstein, 825 F.3d 206, 215 (4th Cir. 2016) ("[N]othing in Hudson indicates the Supreme Court intended to abrogate a prisoner's expectation of privacy beyond his cell.").

However, a prison rule requiring that legal mail be opened in the presence of the inmate, without being read, does not infringe on a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974); see also Turner v. Safley, 482 U.S. 78, 89 (1987) (prison restrictions impinging on an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests).

Nonetheless, isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

8

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's claim against Defendant Martin based on alleged mail interference survives initial review as not clearly frivolous.

**F.      Denial of Access to the Courts**

The Supreme Court stated in <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in <u>Bounds</u> does not, however, entitle a plaintiff to total or unlimited access. <u>See</u> <u>Moore v. Gray</u>, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. <u>See</u> <u>id.</u> at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. <u>See</u> <u>id.</u> A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting <u>Casey</u>, 518 U.S. at 353).

Giving Plaintiff the benefit of every reasonable inference and assuming the truth of his allegations, he has nonetheless failed to state a claim based on the denial of access to the courts. That is, he alleges only that his attorney was unable to schedule an electronic visit because three letters, presumably to Plaintiff's attorney, were undelivered.  As such, Plaintiff has failed to allege any actual injury.  The Court will dismiss this claim.

### G. Conditions of Confinement

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Giving Plaintiff the benefit of every reasonable inference and taking his allegations as true, Plaintiff has nonetheless failed to state a claim based on his conditions of confinement. Plaintiff vaguely alleges only that he was subjected to "unsanitary, oppressive, harrassing [*sic*], [and] discriminatory conditions," which fails to implicate his substantive due process rights.

### H. Equal Protection

To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Giving Plaintiff the benefit of every reasonable inference and taking his allegations as true, he has nonetheless failed to state an equal protection claim. Plaintiff alleges only that "other

inmates of a different ethnicity were punished less for more serious, and violent offenses" and that he was subject to "discriminatory" conditions, presumably while in segregation. [Doc. 1 at 4]. These allegations fail to set forth specific, non-conclusory allegations that establish an improper discriminatory motive. The Court, therefore, will dismiss Plaintiff's equal protection claim.

Finally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

## IV.     PLAINTIFF'S OTHER MOTIONS

Also pending are Plaintiff's motions for photocopy assistance and for appointment of counsel. Plaintiff requests counsel under 28 U.S.C. § 1915(e)(1) but otherwise states no grounds in support thereof. Under § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must

collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

The Plaintiff has not shown by the present record that he has a colorable prospect for success on the merits. In addition, by his filings Plaintiff has demonstrated that he has the skills and resources as may be necessary to advance this matter through the next stage in order to further develop the record, considering the general lack of complexity of the claim he has pleaded. Therefore, at this stage, Plaintiff has failed to meet the requirements for establishing exceptional circumstances warranting appointment of counsel.

Plaintiff also moves for photocopy assistance. Plaintiff states that he has no reasonable means of making copies of his filings and requests that the Clerk provide him copies of all his filings, motions, and correspondence in this matter. [Doc. 6]. He offers to pay a fee of $0.10 per page. [Id.]. The Court will deny Plaintiff's motion for copies without prejudice. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). The Court is not a copying service. If Plaintiff needs copies of documents filed in the docket in this matter, he may pay for the copies he seeks at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

## V. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity First Amendment claim against Defendant Martin based on the alleged mail interference. Plaintiff's remaining claims and the remaining Defendants will be dismissed for Plaintiff's failure to state a claim for relief.

### ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity First Amendment mail interference claim against Defendant Martin as further set forth in this Order, which passes initial review.

**IT IS FURTHER ORDERED** that Plaintiff's Motions [Docs. 6, 7] are **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant Martin for service of process and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the Defendant.

**IT IS FURTHER ORDERED** that Defendants J. Dennis, Union County Sheriff's Office/Jail, and Eddie Cathy are **DISMISSED** as Defendants in this matter.

The Clerk's Office is **DIRECTED** to reclassify Doc. 6 as a Motion for Photocopy Assistance in this docket in this matter.

**IT IS SO ORDERED**.

Signed: March 12, 2026

Frank D. Whitney
Senior United States District Judge

14